UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA YAHNE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>A1A, INC., *et al.*,<br><br>　　　　Defendants. | Case No. C22-01406 RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

## I.　　INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Remand. Dkt. #13. Defendants oppose Plaintiffs' motion to remand on the basis that Plaintiffs fraudulently joined in-state Defendants and that Plaintiffs' claims are preempted by federal law. Dkt. #17. The Court has determined that it can rule on this Motion without oral argument. For the reasons below, the Court GRANTS Plaintiffs' Motion and REMANDS this case to King County Superior Court.

## II.　　BACKGROUND

This case involves the alleged failure of a DePuy Pinnacle hip replacement ("Pinnacle Device") implanted in the bodies of Plaintiffs. In their Complaint filed in state court on September 1, 2022, Plaintiffs asserted claims against all Defendants for failure to warn, negligent

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 1

misrepresentation, violations of the Washington Consumer Protection Act, and breach of warranty. *See* Dkt. #1-2. Plaintiffs asserted an additional claim of negligence against Defendants A1A, Inc. and David Tully Eva ("Distributor Defendants"). *Id.* ¶¶ 288–94. Additionally, Plaintiffs alleged claims of strict liability and negligence against Defendants Medical Device Business Services, Inc., DePuy Synthes Sales Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson ("J&J Defendants").

On October 3, 2022, J&J Defendants removed the case to federal court on the basis of diversity jurisdiction. Dkt #1 at 3. Recognizing that Distributor Defendants, like Plaintiffs, are citizens of Washington, J&J Defendants assert that Distributor Defendants are fraudulently joined and their citizenship should be disregarded for purposes of determining whether removal is proper. *Id.* at 4. In support, J&J Defendants argue that Plaintiffs' claims against Distributor Defendants have "no possibility of success." *Id.* J&J Defendants additionally argue that even if these claims are cognizable under state law, "such claims against non-manufacturers of an FDA-cleared product are preempted" by federal law. *Id.* at 12.

On October 20, 2022, Plaintiffs filed the instant motion claiming J&J Defendants had no basis for invoking federal jurisdiction because J&J Defendants (1) cannot meet their burden of proving fraudulent joinder; and (2) their theory of federal preemption does not apply in claims against medical devices. Dkt. #13 at 7, 16. Plaintiffs contend that their claims against Distributor Defendants have a possibility of success, and therefore this case must be remanded. *Id.* at 6.

### III. DISCUSSION

#### A. Legal Standard

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 2

controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Typically, it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Fraudulent joinder must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The party charging fraudulent joinder bears the "heavy burden" of showing that the complaint "obviously fails" to state a claim. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). The removing defendant is entitled to present facts outside of the complaint to establish that a party has been fraudulently joined. *McCabe*, 811 F.2d at 1339. Doubt concerning whether the complaint states a cause of action is resolved in favor of remanding the case to state court. *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a *possibility* that a state court would find that the complaint states a

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 3

cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)) (emphasis added).

**B. Analysis**

    **1. Remand is Proper Because No Diversity Jurisdiction Exists**

As noted above, Plaintiffs' Complaint alleges multiple state law claims, including a claim under the Washington Product Liability Act ("WPLA"), against state defendants. *See* Dkt. #1-2. J&J Defendants argue there is no possibility that Plaintiffs can prevail against the Distributor Defendants on these state law claims, and even if Plaintiffs have adequately pled these claims, the claims are preempted by federal law. *See* Dkt. #17.

J&J Defendants argue that *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011) and *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013) preempt Plaintiffs' state law claims against Distributor Defendants. Dkt. #17 at 14–18. As the court explained in *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045, a determination of the preemption defense is inappropriate during a fraudulent joinder inquiry. The preemption question requires a court in inquire into the merits of the plaintiff's case. *Hunter*, 582 F.3d at 1045. Such an inquiry should be "brought in the context of attacking the merits of [plaintiff's] case, rather than as a basis for removing the case to federal court." *Id.*

Here, Plaintiffs have shown a possibility of recovery against Distributor Defendants. For example, Plaintiffs have adequately pled the factors exist for a viable claim under the WPLA, which allows certain claims against manufacturers and product sellers. RCW 7.72, *et seq*. Under Washington law, a product seller is "any person or entity that is engaged in the business of selling products, whether the sale is for the resale, or for use or consumption. The

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 4

term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. RCW 7.72.010.

The Court agrees that Plaintiffs have sufficiently alleged that Distributor Defendants are product sellers within the meaning of the statute and that they have appropriately pled a cause of action. Plaintiffs' complaint alleged: (1) that Distributor Defendants are product sellers who marketed, sold, and distributed the Pinnacle Device for implantation into the bodies of consumers; (2) Plaintiffs are consumers and their bodies were implanted with the Pinnacle device; (3) Distributor Defendants had an ordinary duty of care to protect Plaintiffs from injury; (4) Distributor Defendants breached this duty of care when they, among other things, failed to inform surgeons of known issues with the Pinnacle Device; and (5) Plaintiffs suffered injuries and loss as a direct and proximate result of these failures. Dkt. #1-2 ¶¶ 288–94. The Court declines to make a determination on J&J Defendants arguments disputing Distributor Defendants' knowledge and causation. These arguments are issues of fact for a factfinder to decide. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018).

As Plaintiffs assert, the WPLA allows for the types of claims Plaintiffs allege against Distributor Defendants. Plaintiffs allege a possibility for relief against the Distributor Defendants under Washington law. Accordingly, the Court finds that the Distributor Defendants were not fraudulently joined, and the Court therefore lacks diversity jurisdiction and must remand the case back to state court.

**2. Plaintiffs Request Attorney's Fees and Costs in Connection with Remand**

Attorney's fees and costs may be awarded against J&J Defendants if its decision to remove was objectively unreasonable. *Grancare*, 889 F.3d at 552. Under § 1447(c), a court may award attorney's fees and costs where the removing party lacked an objectively reasonable

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 5

basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiffs argue that they are entitled to fees in this case because "Defendants blindly chose to remove, rather than Answer Plaintiff's well-plead Complaint" and "Defendants are without any reasonable basis to conclude Plaintiff "fraudulently joined" the in-state Defendants." Dkt. #13 at 23. Defendants make no objection to Plaintiffs' assertions. *See* Dkt. #17. The Court considers Defendants' silence on this issue as a concession and an abandonment of any arguments against an award. However, even if Defendants had briefed an opposition to this issue, the Court finds the removal in this case to be objectively unreasonable. The significant amount of caselaw on this matter of removal leads the Court to conclude that Defendants failed to properly investigate and answer Plaintiffs' claims in state court and have leveraged the removal process to federal court to unduly delay the matter and incur additional costs to Plaintiffs. Plaintiffs are therefore entitled to costs and expenses incurred in connection with this remand under 28 U.S.C. §1447(c).

## IV.   Conclusion

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiffs' Motion to Remand, Dkt. #13, is GRANTED.
2. Plaintiffs' request to recover attorney fees and costs is GRANTED. No later than April 18, 2023, Plaintiffs shall file and serve a statement of attorney fees and costs incurred as a result of Defendants' removal notice and Plaintiffs' motion to remand. Defendant shall file and serve a response addressing only the

reasonableness of the fees and costs requested, and limited to six (6) pages no later than April 25, 2023. No reply shall be filed.

2. This case is hereby REMANDED to King County Superior Court.

3. This matter is now CLOSED.

DATED this 4th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 7