UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA YAHNE, JAMES COLLINS, and WILLIAM METCALF<br><br>Plaintiffs,<br><br>v.<br><br>A1A, INC., DAVID TULLY EVA, MEDICAL DEVICE BUSINESS SERVICES, INC. (f/k/a DEPUY INC., DEPUY ORTHOPAEDICS, INC.), DEPUY SYNTHES SALES, INC., JOHNSON & JOHNSON SERVICES, INC., AND JOHNSON AND JOHNSON<br><br>Defendants. | Case No. C22-1406 RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS |

This matter comes before the court *sua sponte* on Plaintiffs' Declaration of Attorney's Fees. Dkt. #25. Upon granting Plaintiffs' Motion to Remand on April 4, 2023, the Court granted Plaintiffs' request to recover attorney fees and costs under 28 U.S.C. §1447(c). Dkt. #24. Plaintiffs filed a Declaration of Attorney's Fees on April 18, 2023. Dkt. #25. Defendants filed their opposing Response on April 25, 2023. Dkt. #27.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS - 1

the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. The district court

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS - 2

"should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The Court will first address the hourly rate. The Court finds that the hourly rates of $492 for Mr. Altom Maglio, $485 and $525 for Mr. Talis Abolins, $480 and $515 for Ms. Michele Stephan, $170 and $180 for Ms. Leslie Williams, and $170 and $180 for Ms. Jen Bassetti are reasonable based on the experience, skill, and education of each attorney and paralegal. Dkt. #25 at ¶ 3-7. Mr. Maglio, Mr. Abolins, and Ms. Stephan each have over 26 years of experience and are barred in several jurisdictions. *Id*. at ¶ 3-5. Ms. Williams and Ms. Basseti also have over 20 years of experience each. *Id*. at ¶ 6-7.

However, the Court has reviewed Defendants' Response and the remaining submitted records and finds several areas of concern justifying a significant reduction in the requested award.

Defendants are correct that Plaintiffs' counsel spent an excessive amount of time drafting and reviewing the Motion for Remand. Dkt. #27 at 3. The entries attacked in Defendants' Response brief reflect excessive hours by partners and paralegals drafting, reviewing, and revising motions, and engaging in "correspondence" and "coordination," as well as time spent on a substantially copied and pasted motion. *Id*. Defendants are also correct that more than 13 hours of clerical work, such as updating calendar deadlines, phone calls with chambers, reviewing login info and credentials, saving documents, and finding a judge's phone number, should be deducted from the total award. *Id*. at 4; *see Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Of the submitted 31.2 hours of work, the above work reflects 19.8 hours.[2]

---

[2] As Defendants state in their Response, Plaintiffs' original request for $10,133.40 was incorrect based on reported hours. Dkt. #27 at 1 n.1. The correct amount is $10,099.40 for 31.2 hours of work.

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS - 3

The Court finds Defendants' request to reduce Plaintiffs' award of $10,099.40 by 60% reasonable. Dkt. #27 at 2.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' request for attorney's fees, Dkt. # 25, is GRANTED IN PART as stated above. Defendants shall pay Plaintiffs $4,039.76 as an attorney's fees and cost award.

DATED this 5th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS - 4